Daniel, .1.
 

 The authorities cited by the counsel for the appellant shew, that, where a will has been duly executed a nd left with the testator, if it be mutilated in his lifetime while in his possession, or upon his death if it be found among his repositories, cancelled or defaced, in such cases, in' the absence of other proof, the testator is presumed to have done the act; and the law further presumes, that he did it
 
 animo revocandi.
 
 And if the repository of the will was at the same time accessible to the testator and another person and the mutilation was done in the lifetime of the testator, the law would presume it was done by the testator. He
 
 *306
 
 had a right to do it, and a fraud will not be presumed in the other person. All the rules above stated, we think, may be taken for good law, but it seems to us that they are not apposite to the case now before us. There is no evidence in the cause, that the will was found mutilated in the lifetime of the testator, or found mutilated among his papers immediately on his death. It was on the day after his death that application was made to his widow for the will. She, who is the party defendant in this issue, acknowledged that the will or paper was there, but refused then to deliver it. She then locked the drawer, where the paper was, and put the key in her bosom. There is no evidence that the will was, at that time, mutilated, for her declarations then,made do not prove that fact, but rather import the contrary. On the second day after the testator’s death, and after the widow had every opportunity of mutilating the paper, with which she was dissatisfied, the will was found by the plaintiff in the drawer in its present state. It seems to us, so far from its being the duty of the judge to charge the jury, that the law presumed this mutilation to have been the act of the testator, that it would have been erroneous if he had so charged. We are of opinion that the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.